UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURT LOVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00269-SEB-MJD |
| ) | |
| CITY OF COLUMBUS, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Kurt Lovins is currently a prisoner incarcerated in the Bartholomew County Jail in Columbus, Indiana. On January 23, 2020, he filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against three defendants: the City of Columbus, Indiana, and two Columbus Police Officers, Brandon Decker and Drake Maddox. Mr. Lovins alleges that on April 3, 2019, he was arrested outside his residence by Officers Decker and Maddox. Officer Decker allegedly ordered Mr. Lovins to produce his cell phone and then entered Mr. Lovins's residence without probable cause or permission and retrieved Mr. Lovins's cell phone without a search warrant. Mr. Lovins alleges that Officer Maddox was present and failed to intervene in Officer Decker's violation of Mr. Lovins's constitutional rights. Mr. Lovins claims that these actions violated the Fourth Amendment's prohibition on unreasonable searches and seizures as well as his due process rights. He further claims that the City of Columbus was deliberately indifferent to the obvious need for training of its officers and had an unconstitutional policy of

1

failing to train its officers that directly led to his constitutional injury. Mr. Lovins seeks money damages in relief.

## Complaint Screening

Under 28 U.S.C. § 1915A, "the [federal district] court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall dismiss the complaint or any portion of it if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." § 1915A(a), (b).

In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

2

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted). *Pro se* complaints such as the one filed here by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). "When screening a prisoner complaint, the Court analyzes the allegations under the most 'explicit source[s] of constitutional protection.'" *Tate v. Ramirez*, No. 19-CV-1520-JPS, 2020 WL 291939, at *2 (E.D. Wis. Jan. 21, 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *accord Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (a claim should proceed under the constitutional provision under which it arises; the case "gains nothing by attracting additional constitutional labels").

Mr. Lovins's allegations clearly implicate the Fourth Amendment's prohibition against unreasonable searches and seizures and are sufficient to allow him to proceed on his Fourth Amendment claim against Officers Decker and Maddox.

Mr. Lovins's alternative due process claim, which as far as we can tell is based on the same facts and allegations as the Fourth Amendment claim, is therefore duplicative and superfluous. *See Graham*, 490 U.S. at 395 (the substantive due process clause cannot serve as the basis of a civil rights claim if the government conduct is proscribed by a more specific constitutional provision). Because Mr. Lovins has alleged a valid claim under the Fourth Amendment, his alternative due process claim is dismissed.

Mr. Lovins's Fourth Amendment and *Monell* claims, which, while not subject to dismissal, nonetheless cannot proceed in this litigation at this time.  In Mr. Lovins's complaint, he has failed to disclose that, according to publicly available Indiana court records, he is currently being prosecuted in Bartholomew Superior Court for possessing and distributing drugs.  *See State of Indiana v. Kurt Thomas Lovins*, Bartholomew Superior Court Case No. 03D01-1904-F2-001961; *State of Indiana v. Kurt Thomas Lovins*, Bartholomew Superior Court Case No. 03D01-1904-F2-001832, *available at* mycase.IN.gov.  It appears that at least one of these criminal cases is related to the April 3, 2019 search, but in any event, neither case has concluded yet, either by plea or trial.

Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings."  *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).  The claims alleged here in Mr. Lovins's federal lawsuit, to wit, claims of damages resulting from an illegal search and seizure, "involve constitutional issues that may be litigated during the course of his criminal case" and deciding those issues in federal court at this time "could undermine the state court proceeding." *Id.*  If Mr. Lovins believes that "there are infirmities in his state criminal cases that warrant dismissal of [those] cases, or the exclusion of certain evidence due to violations of his constitutional rights," he should raise those issues in his state criminal proceedings.  *Tate*, 2020 WL 291939, at *2.  For these reasons, *Younger* abstention applies to the issues he has raised here.

However, "[b]ecause monetary relief is not available to [Mr. Lovins] in his defense of criminal charges … and because his claims may become time-barred by the

4

time the state prosecution has concluded," we will stay rather than dismiss his civil-rights claims. *See Gakuba*, 711 F.3d at 753. Accordingly, we will permit Mr. Lovins to proceed on his Fourth Amendment claims against Officers Decker and Maddox as well as his *Monell* claim against the City of Columbus, but this action will be stayed pending the conclusion of Mr. Lovins's state court criminal proceedings. Mr. Lovins is required to notify the Court within twenty-one (21) days of the conclusion of his criminal cases. At that time, the Court can decide on the appropriateness of lifting the stay and ordering service upon the Defendants named here.

    IT IS SO ORDERED.

Date: _____4/27/2020_____      _____[signature]_____

                                                                                       SARAH EVANS BARKER, JUDGE
                                                                                       United States District Court
                                                                                       Southern District of Indiana

Distribution:

KURT LOVINS
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201